UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAQUILLE CARTER,<br><br>                              Plaintiff,<br><br>        -against-<br><br>UNITED STATES OF AMERICA, et al.<br><br>                              Defendants. | 1:22-CV-9139 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Shaquille Carter, who is currently incarcerated in the Federal Correctional Institution in Danbury, Connecticut, brings this *pro se* action under the Federal Tort Claims Act ("FTCA"), asserting claims arising out of events that allegedly occurred in the federal Metropolitan Detention Center, in Brooklyn, New York, while he was incarcerated there. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

The relevant venue provision for Plaintiff's FTCA claims provides that such claims must be brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff does allege where he resides, but he alleges that the events that are the basis of his claims occurred in the federal Metropolitan Detention Center, in Brooklyn, Kings County, New York. Kings County lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, while Plaintiff alleges no facts showing that this court is a proper venue for this action,[1] it is clear that the United States District Court for the Eastern District of New York is a proper venue for this action.

---

[1] The New York State counties that constitute this judicial district, the Southern District

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because venue lies in the United States District Court for the Eastern District of New York, *see* § 1402(b), in the interest of justice, the Court transfers this action to that court, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 27, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

---

of New York, are the following: New York (New York City Borough of Manhattan), Bronx (New York City Borough of the Bronx), Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. *See* 28 U.S.C. § 112(b).